**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEITH R. WRIGHT,

Defendant-Appellant.

No. 09-3337
(D.C. No. 2:09-CR-20035-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

Keith R. Wright was convicted by a jury of one count of possession with

intent to distribute five grams or more of cocaine base ("crack cocaine") in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii),[1] and one count of possession

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Effective August 3, 2010, the quantity in this section was amended from
five grams to twenty-eight grams. *See* Fair Sentencing Act of 2010,
Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372, 2372. Mr. Wright's offense

(continued...)

of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to a term of imprisonment of 180 months. He appeals his convictions, arguing that the evidence was insufficient. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In February 2009, Kansas City, Kansas, Police Department (KPD) officers observed Mr. Wright make an illegal U-turn in an area where drug-house surveillance operations were underway. A chase ensued. Mr. Wright's car hit a curb, flattened a tire, and became disabled. The patrol car came to a stop at an angle just behind the driver's door, and the officer driving the patrol car, Jason Pittman, observed the driver's side window of Mr. Wright's car go down and a clear plastic baggie come out of the window. Mr. Wright's brother, Debroski Wright, emerged from the passenger side door and ran. While Officer Pittman apprehended Mr. Wright, his partner, Scotty Hammons, gave chase and caught Debroski. During the pursuit, Officer Hammons saw Debroski throw a handgun on the ground, which was later recovered. Another officer arriving on the scene apprehended a third person, who was in the back seat. Neither Officer Pittman nor Officer Hammons had observed the third person until the car became disabled.

---

[1](...continued)
occurred in February 2009 and is controlled by the prior version of the statute.

Officer Pittman recovered the baggie he saw thrown from the driver's window, which contained a large number of smaller bags each containing a white rock-like substance Officer Pittman suspected was crack cocaine. A search of Mr. Wright uncovered no other drugs, no drug paraphernalia, no cash, and no weapons. Deputy Sheriff Keith Denny searched Debroski at the county jail and found a plastic baggie in his sock containing eight individual baggies of a white rock-like substance.

Analysis of the baggie that came out of the driver's window of Mr. Wright's car showed it contained 17.8 grams of a substance containing crack cocaine individually packaged in many smaller baggies. Analysis of the eight baggies in Debroski's possession showed they contained a total of 1.6 grams of a substance containing crack cocaine.

After he was tried and convicted, Mr. Wright filed a motion for judgment of acquittal and a new trial. The district court overruled the motion. Mr. Wright appeals.

## II

On appeal, Mr. Wright argues there was insufficient evidence that he (1) possessed crack cocaine, (2) possessed crack cocaine with the intent to distribute, (3) possessed five grams or more of crack cocaine, and (4) possessed a firearm. We review challenges to the sufficiency of the evidence de novo, viewing the evidence and drawing all reasonable inferences in favor of the jury's

-3-

verdict. *United States v. Wright*, 506 F.3d 1293, 1297 (10th Cir. 2007). A conviction may be reversed only if "no reasonable juror could have reached the disputed verdict." *United States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997).

Mr. Wright first argues that the fact the arresting officers were not aware of the presence of the back-seat passenger until the car became disabled should have created reasonable doubt in the minds of the jurors as to whether Mr. Wright threw the baggie out the window. We disagree. Officer Pittman testified he saw the baggie come out of the driver's side window, not the rear passenger's window. And Officer Hammons testified that "the driver threw something out the driver's window." App. Vol. 2 at 118. Thus, there was sufficient evidence for the jury to find beyond a reasonable doubt that it was Mr. Wright who threw the baggie out the driver's side window.

Mr. Wright next contends that the government failed to prove possession with the intent to distribute because a heavy crack user could smoke more than 17.8 grams in twenty-four hours, and the individual packaging of smaller quantities was the form in which a user would obtain crack from a dealer. Further, he insists that if he were dealing, he would have had cash in his possession. We again disagree. Intent to distribute may be inferred from circumstantial evidence, including a large drug quantity. *United States v. Gay*, 774 F.2d 368, 372 (10th Cir. 1985). The government presented Patrick Greeno, a KPD detective with lengthy experience in narcotics investigations, who testified

-4-

that the quantity of crack in this case was consistent with distribution. According to Detective Greeno, a crack user would typically purchase and have in his possession only one or two "rocks" (i.e., 0.2 grams, which is twenty dollars' worth), not 17.8 grams divided into many separately packaged rocks. He also testified that crack for sale is typically packaged in such smaller bags. He further stated that users normally have some sort of device to smoke crack, but no such devices were recovered during Mr. Wright's arrest. Detective Greeno also testified that crack dealers often work in concert and, like Mr. Wright, have little or no cash on them in order to avoid forfeiting it if caught. Thus, we conclude there was sufficient circumstantial evidence that Mr. Wright possessed crack cocaine with the intent to distribute it.

With respect to whether he possessed five grams or more of crack cocaine, Mr. Wright argues that the testing method was flawed. The chemist testified that he first combined the contents of all the smaller baggies contained in the 17.8-gram baggie in order to get a net weight, then tested a small sample (four milligrams) from the combined lump sum. Using the same technique, the chemist tested a three-milligram sample from the eight baggies found in Debroski's possession. Mr. Wright contends the chemist's failure to test each of the smaller bags rendered the evidence as to drug quantity insufficient for the jury to convict him of possession of five or more grams of crack cocaine.

This argument fails. Sampling in the manner used by the chemist is an acceptable method of testing provided there is sufficient evidence that the entire quantity is the same substance. *See United States v. Booker*, 576 F.3d 506, 512 (8th Cir.) (evidence of quantity sufficient where criminalist tested 29 of 43 rocks seized from defendant and testified he believed remaining rocks were also crack cocaine, and where an arresting officer with narcotics experience field-tested the seized substance and determined it was comprised of 43 rocks of crack cocaine), *cert. denied*, 130 S. Ct. 777 (2009); *United States v. Tran*, 519 F.3d 98, 106 (2d Cir. 2008) (evidence of chemist's random testing of 29 pills from each of three bags containing thousands of pills of similar appearance sufficient to prove drug quantity); *Gibson v. Bowersox*, 78 F.3d 372, 374 (8th Cir. 1996) (holding that random testing of pieces of similar texture and color is sufficient to prove drug-quantity element of offense); *United States v. Maceo*, 873 F.2d 1, 6-7 (1st Cir. 1989) (evidence of quantity sufficient where chemist tested 16 of 227 identical vials and used positive results to determine total amount of crack cocaine in all vials). There is no suggestion in the record that the individually packaged substances were dissimilar in any manner. To the contrary, there was sufficient evidence that the smaller quantities were similarly packaged and similar in appearance. Although the chemist was not asked if he thought all the individually packaged substances were crack cocaine, *cf. Booker*, 576 F.3d at 512, Officer Pittman testified as to his extensive experience in narcotics matters and

stated his opinion that the baggie Mr. Wright threw out the window contained smaller baggies of crack cocaine. He also stated the substance field-tested positively for crack cocaine. Similarly, Deputy Kenny testified that the eight smaller baggies recovered from Debroski each contained a white rock-like substance, the term typically used by law enforcement officers to refer to suspected crack cocaine. Given Detective Greeno's testimony regarding drug dealers often working in concert, Deputy Kenny's testimony further supported a reasonable inference that all the smaller bags in the bag Mr. Wright threw from his car contained crack cocaine. Furthermore, the smaller baggies were similar and combined together in a larger baggie, suggesting identity of contents. We therefore conclude the evidence was sufficient for the jury to find that Mr. Wright was in possession of five grams or more of a substance containing crack cocaine.

Finally, Mr. Wright challenges the sufficiency of the evidence to support his conviction on possession of a firearm in connection with a drug trafficking offense. The government's theory was that Mr. Wright and Debroski were working in concert to sell crack cocaine, and that Mr. Wright constructively possessed the handgun his brother dropped during the foot chase. Constructive possession of a firearm may be found in a "joint occupancy" case if "the government demonstrates some connection or nexus between the defendant and the firearm." *United States v. Avery*, 295 F.3d 1158, 1177 (10th Cir. 2002) (quotation omitted). Constructive possession may be established by

circumstantial evidence. *Id.* There must be "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon." *United States v. Taylor*, 113 F.3d 1136, 1145 (10th Cir. 1997) (quotation omitted). Here, the brothers jointly occupied Mr. Wright's car, there was adequate circumstantial evidence that they were dealing crack together, and there was testimony that crack dealers often carry firearms for protection. Moreover, Mr. Wright testified at his trial that he knew Debroski owned a gun, but he denied knowing that his brother had the gun in his possession at the time of their arrest. The jury was free to find Mr. Wright not credible and, apparently, did so. Thus, the evidence was sufficient to show a connection between Mr. Wright and the firearm, and to support a plausible inference that Mr. Wright had knowledge of and access to the firearm.

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-8-